■ In the Matter of MIRO SKARICIA, Petitioner, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.

STEVENS, J. (dissenting). I dissent and vote to annul the determination appealed from on the ground that there is no substantial evidence to support such determination.

Petitioner, age 61 years, a longshoreman since 1923, was charged with a violation of subdivision 3 of section 5-h of the Waterfront Commission Act (L. 1953, ch. 882, as amd.) in that he committed fraud, deceit and misrepresentation in connection with a sworn interview conducted by respondent on January 10, 1963. Respondent charged petitioner swore falsely at such interview when he testified (1) he was never a member of the Communist party; (2) that he never recruited people into the Communist party; (3) that he did not recruit Joseph Kustera into the Communist party; and (4) that he was not a member of the Glumac Club of the Communist party.

After service of the charges petitioner requested a hearing, and upon the conclusion of the hearing the hearing officer found petitioner guilty of Items 2 and 3 and recommended revocation of petitioner's registration as a longshoreman. Respondent, however, determined upon the same record that petitioner was guilty of all four of the items charged and revoked his registration.

To determine if the evidence adduced was substantial it is necessary to examine such evidence. The sole evidence offered in support of the charges was the testimony of one Joseph Kustera, a tailor, who by his own statement had no connection with the waterfront or waterfront practices, had no close personal association with the petitioner and such association as there had been existed in the years 1947 and 1948 only. Kustera, an 80% disabled veteran of World War II, by his own statement possessed of a criminal record, the exact nature of which does not appear from the record, claims that certain

assurances given him by counsel for respondent were not observed. Kustera, a Yugoslavian, as is petitioner, testified that he had come to this country in 1941. He joined the Communist party at the suggestion of "a few guys" including one Babin Coli and the petitioner, and in 1947 had joined the Glumac Club, "the Chelsea section of the Communist Party." Kustera stated that the Yugoslavs, particularly those who had emigrated, had a love for their native country, and while it might have seemed that they were supporting Communism, they were giving moral support to Yugoslavia. He testified petitioner and others were active in getting subscriptions for the Yugoslav paper, the "*Narodni Glasnik.*" In answer to a question if petitioner "was * * * an organizer of the Communist Party on the waterfront", the witness answered "I think he is one of them. Yes, he is one of them." Previously Kustera disclaimed knowledge of the waterfront or waterfront activity. On cross-examination it developed that he had heard others say petitioner was an organizer but he had never seen petitioner pay any dues nor had he seen any membership card for petitioner. In fact, though Kustera joined the Communist party in 1947, he only saw petitioner at open or mass meetings which anyone was free to attend. He could not recall ever seeing petitioner at any of the closed meetings which were for party members only. On cross-exmaination Kustera testified he was invited to join the Communist party at an open discussion and not at a meeting of the party.

At the close of the testimony petitioner rested without testifying. He pointed out that respondent at the outset of the hearing had introduced the full record of the interview of January 10, 1963 in which petitioner had specifically denied the allegations and stated he rested upon that testimony.

There is no evidence in the record that the Yugoslav paper "*Narodni Glasnik*" was a Communist paper; it was referred to as a national paper While respondent is not bound by strict rules of evidence, the proof adduced here can hardly be considered evidence of substance. The charge of fraud and deceit is based upon a present statement dealing with relationships which allegedly existed some 15 years ago. Nothing indicates a continued existence of such relationship, if it ever existed, nor are we shown its significance or relation to the work of petitioner as a longshoreman. Certainly with the facilities presumably available to respondent more compelling evidence should be required. Against the denials of petitioner there is only the testimony of Kustera who, as pointed out, is disabled and possessed of a criminal record. The substantial evidence required in support of an administrative determination, as was made here, should be such as would convince the mind or have a tendency to persuade one of the correctness of the conclusion. While of course there is no requisite that there be proof beyond a reasonable doubt as in a criminal case, yet the evidence should be adequate to the mind of a reasonable man, viewing such evidence dispassionately, as would support the conclusion. In my opinion the evidence fails to meet that test.

STEUER, J. (dissenting). Respondent Waterfront Commission has revoked petitioner's registration as a longshoreman. I agree with the holding of the majority that the charges were established and that no legal ground exists to upset respondent's determination on the facts. However, I believe that the sanction was excessive to a degree that indicates an arbitrary action. The charges against petitioner were that he swore falsely in an investigation conducted by respondent. Petitioner swore that he had never been a member of the Communist party, nor of the Glumac Club (a Communist party organization), that he never recruited people into the Communist party, and specifically that he did not so recruit one Joseph Kustera. It appears that the Glumac Club was made up of Yugoslav immigrants and that both petitioner and

Kustera were Yugoslavs. Although petitioner did get Kustera to join the club some 15 years ago, and hence the Communist party, the only evidence in the proceeding was that the membership was for social rather than political purposes — an opportunity for both these individuals to fraternize with people who spoke their language and shared a nostalgic desire to reminisce about the land of their birth. Both men denied sympathy with Communist ideology and their testimony is supported by the undisputed fact that as a result of their refusal to conform they were expelled from the Communist party.

Unfortunately petitioner, probably inspired by fear of what consequences the truth would entail, lied in the investigation. No matter what his motive, this should result in some disciplinary action. But when it is considered that the true facts reveal at most a remote possibility of danger as a result of his Communist affiliations, and that these have terminated, protection of the waterfront does not require his dissociation from it. Petitioner is 61 years of age and has been working on the docks as a longshoreman for over 40 years. It is most likely that he is unfitted for other work and that even if he could adapt himself to another occupation the record made by this revocation would effectively prevent him from obtaining work. The respondent concedes that it has the power to suspend him for a period of time. This would be an appropriate punishment for his interference with the investigation, and the facts suggest no further sanction.

I vote to remand the matter to the respondent commission for a sanction in accord with these expressions.

Breitel, J. P., Eager and Witmer, JJ., concur in decision; Stevens and Steuer, JJ., dissent in separate opinions.

Determination confirmed and the petition dismissed, without costs.